# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| COMPOUND PHOTONICS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SONY CORPORATION AND SONY ELECTRONICS, INC., <br><br> Defendants. | Civil Action No. 6:11-cv-552 <br><br> DEMAND FOR TRIAL BY JURY |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Compound Photonics Ltd. ("Compound Photonics") hereby pleads the following claim for patent infringement against Defendants Sony Corporation ("Sony Corporation") and Sony Electronics, Inc. ("Sony Electronics") (collectively the "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement based upon and arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, including §§ 271, 281, 283, 284 and 285.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(d), and 28 U.S.C. § 1400(b) because Sony Corporation is subject to personal jurisdiction in this judicial district, has committed acts of infringement in this judicial district, and is an alien subject to suit

in this judicial district; and because Sony Electronics is subject to personal jurisdiction in this judicial district and has committed acts of infringement in this judicial district.

4.      Specifically, Defendants have transacted and continue to transact business in the United States and in this judicial district by:  using or causing to be used; making or causing to be made; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold directly, through intermediaries and/or as an intermediary, infringing products to customers in the United States, including customers in this judicial district, and Defendants will continue to do so unless enjoined by this Court.

5.      Sony Corporation, for example, is committing and is causing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary. Sony Corporation is involved in the distribution of infringing products and has been aware and is aware that its products are being sold throughout the United States, including in Texas.  Sony Corporation has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of their own distribution channels established in the United States and Sony Electronics' distribution channels in the United States, as set forth below, to ship a variety of infringing products into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

6.      Sony Electronics, for example, is committing acts of patent infringement within the United States and within this judicial district, including the infringing acts alleged herein, both directly, through one or more intermediaries, and as an intermediary.   Sony Electronics

regularly imports Sony products into the United States for distribution throughout the United States, including in this judicial district.  Sony Electronics is involved in the distribution of infringing products and has been aware and is aware that its products are being sold throughout the United States, including in Texas.  Sony Electronics' established distribution networks consist of national distributors and resellers, and these Defendants sell to customers in Texas and distribute to national retailers that have stores located in Texas.  By shipping into, offering to sell in, using, or selling products that infringe the Patent-in-Suit in this judicial district, Sony Electronics has transacted and transacts business and performs works and services in this judicial district, has contracted and contracts to supply services and things in this judicial district, have caused and causes injury and damages in this judicial district by acts and omissions in this judicial district, and has caused and causes injury and damages in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

## THE PARTIES

7.     Plaintiff Compound Photonics is a United Kingdom corporation, having its principal place of business at Gunpowder House, 66-68 Great Suffolk Street, Southwark, London, SE1-0BL United Kingdom.

8.     On information and belief, Defendant Sony Corporation is a Japanese corporation with its principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, 108-0075 Japan.

9.     According to Sony Corporation, it is one of the world's largest manufacturers of electronics and information technology products for the consumer and business markets.  On information and belief, Sony Corporation manufactures LCD projection products in Japan and

other countries and directs those products to the United States, including Texas, through established distribution channels involving various third parties, knowing that these third parties will use their respective nationwide contacts and distribution channels to import into, sell, offer for sale, and use these products in Texas and elsewhere in the United States.

10. On information and belief, Defendant Sony Electronics Inc. is a domestic subsidiary of Sony Corporation that either directly or indirectly imports into, sells, and offers for sale its products in Texas and elsewhere in the United States.  Sony Electronics is a Delaware corporation with its principal place of business at 16530 Via Esprillo, San Diego, California, 92127.  Sony Electronics markets and sells Defendants' products throughout the United States.  The main activity of Sony Electronics is to support the sale of Defendants' products in the United States.  For example, according to Sony Corporation's website, "Sony Electronics is headquartered in San Diego, California" and its "[o]perations include research, development, design, engineering, sales, marketing, distribution, and customer service."

## NATURE OF THE ACTION

11. U.S. Patent No. 6,829,027 ("the '027 Patent" or the "Patent-in-Suit"), entitled "Controlled Angle Retarder," was duly and legally issued on December 7, 2004.  Compound Photonics is the owner by assignment of all rights, title, and interest in and to the '027 Patent.  A true and correct copy of the '027 Patent is attached hereto as Exhibit A.

12. In general, the technology at issue involves methods of fabricating a liquid crystal display ("LCD") device with a "controlled-angle retarder," comprising a liquid crystal cell and an adjustable retarder.  The alignment angle of the retarder is adjusted relative to the liquid crystal cell in order to "tune" the effective retardance of the system to achieve the desired optical properties of the LCD device.

13. Compound Photonics has invested substantial time and money into researching, designing, and developing the technology that is embodied in the Patent-in-Suit. Compound Photonics' interests in this patented technology have been and continue to be harmed by Defendants' ongoing infringement.

14. The '027 Patent is particularly valuable because of the increasing popularity of 3D and high end projection systems. The '027 Patent provides a method to achieve a high contrast ratio necessary for high quality images in LCD projection products.

15. Defendants' acts of infringing the claims of the '027 Patent include the manufacturing, using, marketing, importing, offering for sale, and selling of their LCD protection products and products that contain, including, for example, their SXRD technology. SXRD, which stands for "Silicon X-tal (for Crystal) Reflective Display," is Defendants' proprietary term for liquid crystal on silicon LCD technology.

16. Sony Corporation has directly and knowingly induced others to infringe the '027 Patent so as to exploit the large and growing LCD projection product market in the United States.

17. Sony Corporation, for example, maintains and develops relationships with business partners, such as suppliers and customers, to promote and encourage the import, offering for sale, sale and use of its infringing visual display products in the United States. Sony Corporation also actively sells to and solicits business from customers and distributors located in the United States. Sony Corporation coordinates with them and others about the designs, specifications, distribution, financing, and placement of orders for LCD projection products destined for the U.S. market. In addition, Sony Corporation communicates with third parties to promote and encourage the use, sale, importation and offering for sale of these same LCD projection products in and into the United States.

## COUNT I

### PATENT INFRINGEMENT OF THE '027 PATENT

18. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

19. Defendants have infringed and are currently infringing the '027 Patent, in violation of 35 U.S.C. § 271, by making, using, offering for sale, selling and/or importing, within this judicial district and elsewhere in the United States, without license or authority from Compound Photonics, products falling within the scope of one or more claims of the '027 Patent.

20. Sony Corporation has actively induced and is actively inducing infringement of '027 Patent, in violation of 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to directly make, use, offer for sale, sell and/or import within this judicial district and elsewhere in the United States, without license or authority from Compound Photonics, products falling within the scope of one or more claims of the '027 patent.

21. Based on Compound Photonics' current understanding, at least the following Sony LCD projection products infringe one or more claims of the '027 patent, literally or under the doctrine of equivalents, in violation of Compound Photonics' statutory rights: VPL-GH10, VPL-HW10, VPL-HW15, VPL-VW80, VPL-VW85, VPL-VW200, VPL-VWPR01, VPL-VW90ES, VPL-VW1000ES, VPL-HW30ES, VPL-HW30AES, VPL-HW90ES, VPL-VW50, VPL-VW60, VPL-VW70, VPL-VW100, VPL-HW10, VPL-HW15, SRX-R105, SRX-R110, SRX-R210, SRX-R220, SRX-R320, SRX-R320P, SRX-S105, SRX-S110, SRX-T105, SRX-T110, SRX-T420, Qualia 004 rear-projection TV, and similar LCD projection products.

22. Compound Photonics has been and will continue to be injured by Defendants' past and continuing infringement of the '027 Patent and is without adequate remedy at law.

23. Unless enjoined, Defendants will continue to infringe the '027 Patent, and Compound Photonics will suffer irreparable injury as a direct and proximate cause of Defendants' conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Compound Photonics prays for judgment as follows:

A. That the '027 Patent is valid and enforceable;

B. That Sony Corporation and Sony Electronics have infringed the '027 Patent;

C. That Sony Corporation and Sony Electronics and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to using, making, importing, offering for sale and/or selling products that infringe, and from inducing to the infringement of the '027 Patent, prior to its expiration, including any extensions;

D. That Sony Corporation and Sony Electronics and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them deliver to Compound Photonics all products that infringe the Patent-in-Suit for destruction at Compound Photonics' option;

E. That Compound Photonics be awarded monetary relief adequate to compensate Compound Photonics for Sony Corporation's and Sony Electronics' acts of infringement of the Patent-in-Suit within the United States prior to the expiration of the Patent-in-Suit, including any extensions;

F.	That any monetary relief awarded to Compound Photonics be awarded with prejudgment interest; and

G.	That Sony Corporation and Sony Electronics be ordered to provide an accounting;

H.	That Compound Photonics be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right by a jury.

Dated:  October 20, 2011                                 Respectfully submitted,

 */s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

Gaspare J. Bono
gbono@mckennalong.com
Song K. Jung
sjung@mckennalong.com
R. Tyler Goodwyn, IV
tgoodwyn@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, NW
Washington, D.C.  20006
Telephone:  (202) 496-7500
Facsimile:  (202) 496-7756

ATTORNEYS FOR PLAINTIFF
COMPOUND PHOTONICS, LTD.